# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| MARK S. HOSKINS, | ) | CASE NO. 5:18 CV 1533 |
| | ) | |
| PLAINTFF, | ) | |
| | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| MAYOR DON HORRIGAN, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

*Pro se* plaintiff Mark Hoskins has filed this civil rights and discrimination action against Don Horrigan, Mayor of Akron, Ohio, and the Chief of the Akron Police Department ("APD"). He alleges, among other things, that officers of the APD have intimidated and harassed him. (Doc. No. 1.) He requests money damages and other relief. (*Id*. at 9.)[1] Plaintiff also filed a "Motion to Initiate U.S.A. Law Under 42 U.S.C. Section 1983" (Doc. No. 3) and motion for discovery (Doc. No. 4).

In his complaint, plaintiff claims that over the past thirty years, the APD has "harassed [*sic*], intimidated and at times phisically [*sic*] and mentally tourched [*sic*]" him. (Doc. No. 1 at 4.) He identifies four incidents in which his constitutional rights allegedly were violated. As best the Court can discern, he contends that: (1) on July 5, 2018, the APD showed up at his home and "intimidate[d]" him (*id*. at 2); (2) on May 18, 2018, it took the APD thirteen minutes to respond to the first of three 911 calls he placed during an altercation he was having with a neighbor (*id*. at 3);

---

[1] All references to page numbers are to the page identification numbers generated by the Court's electronic docketing system.

(3) about three and a half years ago, the APD appeared at his home, arrested him for allegedly "showing someone the middle finger[,]" and took him to the Summit County Jail, where he was restrained in a "punishment chair" for more than two hours, forcing him to urinate on himself (*id.* at 4); and (4) on April 22, 2015, the APD appeared at his home with no warrant, "harassed and emotionally disturbed plaintiff through intimidation[,]" and then left (*id.* at 5).

Plaintiff asserts five claims, which appear to contend that: (1) during the incidents described above, the APD "interfere[ed] with [his] civil rights (A), (B)" and violated Ohio's dereliction-of-duty statute, Ohio Rev. Code § 2921.44; (2) during the incidents described above, the APD violated Ohio's dereliction-of-duty statute, Ohio Rev. Code § 2921.44; (3) Barberton Police Officer Jerry Analuchi and "another blonde female police officer" made "false and untrue statements" in violation of the United States Constitution and 42 U.S.C. §§ 1981, 1982, and 1983, as well as numerous Ohio statutes, including Ohio's falsification statute, Ohio Rev. Code § 2921.13; and (4) and (5) disclosure of confidential information in violation of the Due Process Clause of the United States Constitution, Ohio Rev. Code § 5123.62(T), which states that persons with developmental disabilities have the "right to confidential treatment of all information in their personal and medical records," unless otherwise permitted under Ohio law, Ohio Rev. Code § 5123.612, relating to the reporting of "unusual incidents" concerning persons with developmental disabilities, and numerous other related provisions of Ohio law. (Doc. 1 at 6–8.)

*Pro se* pleadings must be liberally construed. *See, e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam) (noting that *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers"). District courts, however, are required to screen all *in forma pauperis* actions and dismiss before service any action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).

Plaintiff's complaint fails to state a claim upon which relief may be granted. Most significantly, plaintiff asserts no specific allegations connecting either of the named defendants—Akron's mayor and chief of police—to any of his claims for relief. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior. *See, e.g., Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. Sept. 20, 1995). Plaintiff has not met this pleading requirement and his complaint must be dismissed on that ground.

Moreover, even if plaintiff had shown in his complaint that the named defendants were involved in the alleged misconduct, he does not present facts that could be construed to set forth a valid claim for relief against the defendants. In order to state a claim for relief, a complaint must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill*, 630 F.3d at 471 (applying the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007), to dismissals for failure to state a claim under § 1915(e)(2)(B)). The "allegations must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555. And they must be sufficient to give defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S. Ct. 1827, 104 L.

Ed. 2d 338 (1989). Merely stating legal conclusions or reciting the elements of a cause of action also will fail to meet this pleading standard. *Iqbal*, 556 U.S. at 678. In reviewing a complaint, the court must construe the pleading in the light most favorable to the plaintiff. *E.g.*, *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

Plaintiff alleges violations of 42 U.S.C. §§ 1981, 1982, and 1983 (federal civil rights statutes) and 42 U.S.C. § 2000e (Title VII employment discrimination). But even construing his complaint liberally, it fails to state a claim and, therefore, must be dismissed pursuant to § 1915(e)(2)(B). *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

To the extent plaintiff asserts discrimination under 42 U.S.C. § 2000e, his complaint includes no factual allegations of any kind relating to employment discrimination, and those claims are dismissed.

To the extent plaintiff claims his civil rights were infringed, he fails to state a plausible claim. To obtain relief under § 1983, a plaintiff must allege a violation of the United States Constitution or federal law. *See* 28 U.S.C. § 1983. Plaintiff's first claim, merely asserting "interfer[ence] with civil rights[,]" does not state a recognized constitutional or federal law ground upon which to assert a § 1983 claim. Plaintiff's second claim is based on Ohio's dereliction-of-duty statute; it also does not allege a violation of the Constitution or a federal statute. Plaintiff's third claim also fails to state a claim, because it is premised on alleged conduct of Barberton police officers, who are not named defendants. And, although plaintiff's fourth and fifth claims assert a constitutional due process violation, the alleged violations relate to a disclosure of confidential information, which plaintiff never explains or even refers to in his complaint.

Finally, to the extent plaintiff claims violations of Ohio law, having dismissed plaintiff's federal law claims, this Court declines to exercise jurisdiction to hear any state-law claims that plaintiff may be asserting. *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724, 86 S. Ct. 1130, 16 L. Ed. 2d 218 (1966).

## Conclusion

For the reasons stated above, Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and plaintiff's complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff's "Motion to Initiate U.S.A. Law Under 42 U.S.C. Section 1983" (Doc. No. 3) and motion for discovery (Doc. No. 4) are denied as moot. Further, the Court certifies that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED**.

Dated: September 21, 2018

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**